Perry R. Clark (State Bar. No. 197101)
perry@perryclarklaw.com
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road, Suite 201
Palo Alto, CA 94303
Tel.: (650) 248-5817
Fax: (650) 618-8533

Attorney for Defendant Service Lighting
and Electrical Supplies, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>           Plaintiff,<br><br>      vs.<br><br>SERVICE LIGHTING AND ELECTRICAL SUPPLIES, INC., a Texas corporation, d/b/a 1000BULBS.COM,<br><br>           Defendant. | Case No.: 2:24-cv-8387<br><br>**DEFENDANT SERVICE LIGHTING'S NOTICE OF REMOVAL**<br><br>*Removed from the Superior Court of California, Los Angeles County, Case No. 24STCV19914* |

**NOTICE OF REMOVAL**
Case No.: 2:24-cv-8387

Defendant Service Lighting and Electrical Supplies, Inc. ("Defendant Service Lighting"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, Defendant Service Lighting respectfully alleges the following:

## I.   COMMENCEMENT AND SERVICE

1. On August 8, 2024, Plaintiff Rebeka Rodriguez ("Rodriguez") filed suit against Defendant Service Lighting in the Los Angeles Superior Court, styled *Rebeka Rodriguez v. Service Lighting and Electrical Supplies, Inc.* ("Complaint").  The Complaint and Summons are attached as Exhibits 1 and 2.

2. On August 15, 2024, Plaintiff Rodriguez served Defendant Service Lighting with the Complaint.  Defendant Service Lighting's deadline to respond to the Complaint is September 30, 2024.

3. This Notice of Removal is timely filed within thirty days after receipt by Defendant Service Lighitng of a paper from which it may be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").  On September 24, 2024, Plaintiff Rodriguez sent a settlement letter from which it might first be ascertained that this case is one that is removable.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim" and, thus "the amount in controversy exceeded $75,000 [and] the case was properly removed to federal court").  The September 24, 2024 Settlement Letter is attached as Exhibit 3.

## II.   GROUNDS FOR REMOVAL

### A.   Diversity Jurisdiction

4. Removal to this Court is proper pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving a "matter in controversy" exceeding $75,000.00, between parties with complete diversity of citizenship.  28 U.S.C. § 1332(a) (district courts have

NOTICE OF REMOVAL
Case No.: 2:24-cv-8387                         1

original jurisdiction "where the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest; and is between citizens of different states.").

### 1. There Is Diversity of Citzenship.

5. The requirement for diversity of citizenship under 28 U.S.C. 28 U.S.C. § 1332(a) is met because Plaintiff Rodriguez and Defendant Service Lighting are citizens of different states.

6. As alleged in the Complaint, Plaintiff Rodriguez "is a resident and citizen of California." Ex. 1, ¶ 4 (Complaint).

7. As also alleged in the Complaint, Defendant Service Lighting "is a Texas corporation." Ex. 1, ¶ 5 (Complaint). For purposes of assessing diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

8. Accordingly, the "diversity of citizenship" reqirement of 28 U.S.C. § 1332(a) is met.

### 2. The Matter in Controversy Requirement is Satisfied.

9. As the phrase is used in 28 U.S.C. § 1332(a), the "matter in controversy" in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

10. The framework for assessing the amount in controversy is well-settled. "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (reversing Tenth Circuit and holding that a removal notice "need not contain evidentiary submissions."). Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89. But, "if the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs [that] removal . . . is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 88. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88.

1    11.    There is no "sum demanded" in the Complaint in this case. 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."). Instead, the Complaint alleges that "at this time the amount in controversy does not exceed $75,000.00, exclusive of interest and costs." Ex. 1, ¶ 27 (Complaint). On its face, this recitation in the Complaint is not a "sum demanded"—it does not say what the Plaintiff demands that the Defendant pay or the amount it believes the Court should award. And in the "Prayer for Relief" section of the Complaint, Plaintiff Rodriguez does not identify any amount that it prays for the Court to award. Ex. 1 at 8. Instead, Plaintiff Rodriguez's assertion about the amount in controversy in Paragraph 27 of the Complaint is "a legal conclusion couched as a factual allegation" that is properly diregarded. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("plaintiff's obligation to provide the 'grounds' of their 'entitlement to relief' requires more than labels and conclusions.").

12.    "The amount in controversy is the amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (*citing Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "This includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Fritsch*, 899 F.3d at 793. "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise) . . . and attorneys' fees awarded under fee-shifting statutes or contract." *Id.*

13.    Here, Defendant Service Lighting disputes that Plaintiff Rodriguez is entitled to any amount by way of the Complaint. But the amount in controversy requirement is nonetheless met by Plaintiff Rodriguez's post-Complaint settlement demand. Ex. 3. In the Ninth Circuit, as noted above, "a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (affirming district court's denial of motion to remand).

14.    Plaintiff Rodriguez's September 24, 2024 Settlement Letter made two demands. Plaintiff Rodriguez's "strong preference" was that Defendant Service Ligting pay a settlement "of $25,000,000 [with] such a settlement . . . subject to confirmatory discovery and all 'best practices'

notices and protocols." Ex. 3 ("I have been authorized to present the following settlement demand . . . First, our very strong preference would be for a class settlement . . . for a common fund class valuation of $25,000,000."). This demand alone satisfies the "matter in controversy" requirement.

15. Plaintiff Rodrgues also demanded—"notwithstanding our preference for a class settlement"—that "Defendant pay plaintiff a total of $69,500 inclusive of statutory penalties, damages, attorneys' fees, and costs." Ex. 3 ("Second, notwithstanding our preference for a class settlement, I understand that your client may only be willing to consider a confidential, individual settlement at this time."). By its own terms, this demand includes attorenys' fees upto the time of the demand by specifically stating that the demand is "inclusive" of attorneys' fees. But in calculating the amount in controversy, "future attorneys' fees are at stake in the litigation and must be included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("there is no question that future [attorneys' fees] are 'at stake' in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy."). Here, it is more than likely that Defendant Rodriguez will incur more than $5,501 in attorneys' fees if its settlement demand is rejected and this case proceeds to judgment and appeal. In addition, it appears that Plaintiff Rodriguez will continue to to use the "expert" it refers to in the September 24, 2024 Settlement Letter and whose fees are not included in the $69,500 calculation. Ex. 3 ("our expert has confirmed . . ."). Moreover, in its settlement demand, Plaintiff Rodriguez requests that Defendant Service Lighting "undertake a best practices review of its website data collection practices to ensure compliance with CIPA," which also would require additional expense for Defendant Service Lighting. Ex. 3. And a such, when the entirety of Plaintiff Rodriguez's September 24, 2024 Settlement Lemand is considered, the sun of the value of the "matter in controversy" in this case exceeds $75,000.

16. Finally, the September 24, 2024 Settlement Letter was an offer to settle early in the case and would eliminate the risk that Plaintiff Rodriguez might ultimately lose at trial or on appeal. And, as a compromise proposal, it is logical to conclude that Plaintiff Rodriguez values its claim at more than $69,500. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) ("the

willingness to accept $ 60,000 supports a conclusion that the 'controversy' exceeds $ 75,000.").

17. Accordingly, and based on the foregoing, there is a preponderance of evidence establishing that the "matter in controversy" exceeds $75,000.

### III. VENUE

18. Venue is proper in the United States District Court for the Central District of California because Plaintiff Rodriguez filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441(a), 1446.

### IV. NOTICE

19. Defendant Service Lighting will give notice of the filing of this Notice of Removal to all parties of record. Defendant Service Lighting will file with the clerk of the state court and will serve upon Plaintiff Rodriguez a notice of the filing of this Notice of Removal.

### V. STATE COURT PLEADINGS

20. Copies of all state court pleadings and orders are attached to this Notice of Removal. Defendant Service Lighting attaches and incorporates by reference true and correct copies of all pleadings and other documents that were previously filed with the state court:

Exhibit 1—Complaint

Exhibit 2—Summons

### VI. PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Service Lighting files this Notice of Removal with the United States District Court for the Central District of California seeking to remove this action from the Superior Court of the State of California, in and for the County of Los Angeles.

September 30, 2024

LAW OFFICES OF PERRY R. CLARK
By: _____ */s/ Perry Clark* _____
Perry R. Clark (State Bar No. 197101)
perry@perryclarklaw.com
825 San Antonio Road, Suite 201
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533

NOTICE OF REMOVAL
Case No.: 2:24-cv-8387

5