Perry R. Clark (State Bar. No. 197101)
perry@perryclarklaw.com
LAW OFFICES OF PERRY R. CLARK
825 San Antonio Road, Suite 201
Palo Alto, CA 94303
Tel.: (650) 248-5817
Fax: (650) 618-8533

Attorney for Defendant Service Lighting and Electrical Supplies, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>SERVICE LIGHTING AND ELECTRICAL SUPPLIES, INC., a Texas corporation, d/b/a 1000BULBS.COM,<br><br>Defendant. | Case No.: 2:24-cv-8387 CBM (SKx)<br><br>**ANSWER OF DEFENDANT SERVICE LIGHTING**<br><br>*Removed from the Superior Court of California, Los Angeles County, Case No. 24STCV19914* |

Defendant Service Lighting and Electrical Supplies, Inc. ("Defendant Service Lighting"), hereby answers the complaint of Plaintiff Rebeka Rodriguez ("Rodriguez"). The headings and numbered paragraphs below correspond to the numbered paragraphs in the complaint.

## I. INTRODUCTION

To the extent this unnumbered paragraph contains an allegation to which a response is required, it is denied.

## II. JURISDICTION AND VENUE

1. Denied. This allegation relates to "This Court," which is a reference to the Superior Court for the County of Los Angeles.

2. Denied. This paragraph refers to California Code of Civil Procedure, which Defendant Service Lighting understands relates to venue provisions for California state courts.

3. Denied.

## III. PARTIES

4. Defendant lacks knowledge to admit or deny this allegation and, on that basis, denies it.

5. Admitted.

## IV. FACTUAL ALLEGATIONS

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

**V. CAUSES OF ACTION-FIRST CAUSE OF ACTION**

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**VI. PRAYER FOR RELIEF**

Defendant Service Lighting denies that Plaintiff Rodriguez is entitled to any relief by way of the complaint.

**VII. AFFIRMATIVE DEFENSES**

1. Plaintiff Rodriquez's claims are barred by the affirmative defense of assumption of risk because Plaintiff Rodriquez assumed the risk of the injury from which the complaint purports to arise.

2. Plaintiff Rodriquez's claims are barred by the affirmative defense of contributory

negligence because Plaintiff Rodriquez's own negligence contributed to the injury from which the complaint purports to arise.

3. Plaintiff Rodriquez's claims are barred by the affirmative defense of estoppel because, by word or actions—including by using the features of Defendant Service Lighting's website identified in the complaint—Plaintiff Rodriguez is estopped from challenging the legality of the conduct giving rise to the harm alleged.

4. Plaintiff Rodriquez's claims are barred by the affirmative defense of failure of consideration because Plaintiff Rodriquez failed to provide any consideration giving rise to a duty or obligation of Defendant Service Lighting.

5. Plaintiff Rodriquez's claims are barred by the affirmative defense of fraud due to the concealment of material facts that, had they been known to Defendant Service Lighting, would have caused Defendant Service Lighting to act in a manner differently than it allegedly did.

6. Plaintiff Rodriquez's claims are barred by the affirmative defense of illegality based on Plaintiff Rodriquez's own illegal actions.

7. Plaintiff Rodriquez's claims are barred by the affirmative defense of injury by fellow servant to the extent Plaintiff Rodriguez's injuries are caused by the actions of another, including a co-employee or colleague in the enterprise leading to the complaint.

8. Plaintiff Rodriquez's claims are barred by the affirmative defense of laches based on Plaintiff Rodriguez's delay in bringing this action.

9. Plaintiff Rodriquez's claims are barred by the affirmative defense of license because Plaintiff Rodriguz provided Defendant Service Lighting the legal right to perform the conduct at issue.

10. Plaintiff Rodriquez's claims are barred by the affirmative defense of release because Plaintiff Rodriquez has abandoned and/or relinquished the rights it asserts against Defendant Service Lighting in the complaint.

11. Plaintiff Rodriquez's claims are barred by the affirmative defense of the statute of limitations because of Plaintiff Rodriquez's delay in bringing the claims in the complaint.

12. Plaintiff Rodriquez's claims are barred by the affirmative defense of waiver because Plaintiff Rodriquez waived the right to pursue the claims set forth in the complaint.

13. Plaintiff Rodriquez's claims are barred by the affirmative defense of failure to state a claim because, even if accepted as true, the allegations of the complaint fail set forth a legally cognizable claim.

14. Defendant Service Lighting asserts as an affirmative defense and a defense under Fed. R. Civ. P. 12 that this Court lacks personal jurisdiction over it.

## VIII. PRAYER

In light of the foregoing, Defendant Service Lighting respectfully requests that Plaintiff Rodriguez take nothing by way of the complaint and that Defendant Service Lighting be awarded all available relief, including fees and costs.

October 1, 2024

LAW OFFICES OF PERRY R. CLARK

By: *_/s/ Perry Clark_*

Perry R. Clark (State Bar No. 197101)
perry@perryclarklaw.com
825 San Antonio Road, Suite 201
Palo Alto, CA 94303
Telephone: (650) 248-5817
Facsimile: (650) 618-8533